LAWRENCE DELLA FAVE, PETITIONER-RESPONDENT AND CROSS-APPELLANT, v. DAVID KAHN, INC., RESPONDENT-APPELLANT AND CROSS-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 1, 1969—Decided January 13, 1970.

Before Judges GOLDMANN, LEWIS and MATTHEWS.

*Mr. Isidor Kalisch* argued the cause for appellant and cross-respondent.

*Mr. Samuel L. Marciano* argued the cause for respondent and cross-appellant (*Messrs. Florio, Dunn, Marciano & Lypinski,* attorneys).

The opinion of the court was delivered by

LEWIS, J. A. D.   Respondent David Kahn, Inc. appeals from a judgment of the Hudson County Court affirming an award to petitioner Lawrence Della Fave by the Division of Workmen's Compensation of 3 ½% permanent disability on a claim for abdominal strain.   Petitioner cross-appeals from that part of a judgment which dismissed his claim for a compensable hernia.

It appears from the record that on March 30, 1965 and July 15, 1965 Della Fave was operated on for a right-sided and a left-sided inguinal hernia respectively.   He returned

to work on August 16 with a note from his doctor, which was given to the employer, advising that petitioner "was to do no lifting." He was assigned to light work involving the operation of a plastic molding machine and the placement of the molded parts in boxes which weighed from 10 to 12 pounds when filled.

Subsequently, on Thursday, October 14, 1965, the foreman "switched" petitioner to another molding machine which turned out plastic parts at a faster rate. They were placed in a barrel weighing from 80 to 90 pounds when filled. At about 11:45 P.M., toward the end of the day's work shift, the "main boss helper" did not respond to petitioner's call for assistance, and he attempted to place the weighted barrel on a hand truck for the purpose of removing it to the back room. Petitioner claims that while in the process of lifting the barrel to the hand truck he felt a sharp pain in the right groin. After work he went home without reporting the alleged incident to anyone at the plant.

The following day Della Fave remained away from work and, at about 1 P.M., he met a friend by the name of "Joe", whose last name and address were unknown to him, at the Ideal Cafeteria in Hoboken. He testified that he asked his friend to telephone a "message" to his employer. Joe was not produced as a witness. When Della Fave was asked why he did not make the telephone call himself, he said, "I don't know why. I was afraid, I guess, to call up."

On Tuesday night, October 19, petitioner consulted Dr. Rustico Camangian. The doctor gave him a "slip" which he delivered the next day (Wednesday) to the personnel manager at the plant with the comment, "I had a hernia again from picking that barrel up." The manager then told him that the company could no longer use his services.

In his claim petition filed December 14, 1965, Della Fave described the extent and character of his injury thusly, "right abdomen, body, and possible hernia." In a pretrial memorandum filed with the Division, Dr. Camangian's "reported

finding" was listed as: "Recurrent right inguinal hernia."
The only testimony before the Division was that of peti-
tioner and his medical expert Dr. Joseph Visconti who ex-
amined him on January 3, 1966. The doctor testified in
substance that the prior hernia operations were successful,
they performed the purpose for which they were intended
and "there was no evidence of recurrence within a reasonable
time." It was his opinion that the new hernia, in the region
of a scar, occurred in the abdominal wall—"what we call a
direct hernia"—and it was attributable to the work incident
described by petitioner. He further testified that there was
"an antecedent strain." The doctor opined that the resultant
disability was 10% partial permanent.

The compensation judge dismissed petitioner's claim at
the close of his case for failure to meet the statutory notice
requirements of *N. J. S. A.* 34:15–12 (c) (23) which pro-
vides:

Where there is a traumatic hernia compensation will be allowed
if notice thereof is given by the claimant to the employer within 48
hours after the occurrence of the hernia but any Sunday, Saturday
or holiday shall be excluded from this 48-hour period.

He determined that the proofs established that petitioner
had a "direct hernia" and that he could not separate the
hernia from the strain which accompanied it, saying, "I
think it is all part and parcel of the same injury."

The County Court considered the matter *de novo* on the
record and concluded that petitioner failed to sustain any
right to compensation benefits for a hernia, citing the afore-
quoted statute and *Buzza v. General Motors Corp.,* 49 *N. J.
Super.* 322 (*App. Div.* 1958). There this court reviewed the
legislative history of the 48-hour notice requirement and
made the observation that the ordinary applicable rule of
liberality of construction of the Workmen's Compensation
Act "will not excuse judicial disregard of legislative inten-
tion made clearly manifest by a study of the background,
objectives and contents of the statute as it stands, in order

to foster what the court might deem more liberal treatment of an employee's claim." 49 *N. J. Super.*, at 333.

After noting that petitioner's medical proofs indicated he suffered and still endured pain causally related to the October 14 episode, the County Court held that the notice provision of *N. J. S. A.* 34:15–12 (c) (23) is inapplicable to a claim for a work-connected strain. Accordingly, the case was remanded to the Division for a hearing on the merits of an independent claim for a compensable strain. At the hearing on remand the parties relied on the original record and the judge of compensation, in light of the County Court's opinion, made an award fixed at $3\frac{1}{2}\%$ permanent disability. That award was affirmed and the aforementioned appeal and cross-appeal ensued.

Petitioner argues here, as he did below, that he gave his employer notice within 48 hours of the occurrence of the hernia since the notice was given the day following such a diagnosis by Dr. Camangian, and, if it should be determined otherwise, he nevertheless is entitled to a compensable award for the attendant strain. Respondent counters that the County Court's remand order was *functus officio* but, in any event, petitioner failed to produce any credible evidence to support a partial permanent disablility award for strain.

We agree with the concordant findings of the Division and County Court that petitioner failed to give his employer the mandatory notice within 48 hours after he allegedly suffered a traumatic hernia. Under cross-examination Della Fave testified:

Q. Then you have had that pain from the time you lifted the barrel at work that night.
A. The barrel.
Q. And I believe you said you knew that you had a hernia; is that right?
A. That's right.
Q. Now, you knew that you had a hernia, didn't you, because you had had that pain before, before you were operated on; isn't that right?
A. That's right.

■ If the lifting of the barrel precipitated the hernia causing sufficient pain of a character with which petitioner was familar, so as to impute knowledge to him that he had a new hernia, it became incumbent upon him to notify his employer within 48 hours thereafter. Petitioner not only failed to do so, but he did not consult a doctor until five days after the incident. The legislative reasons for such short notice are fully set forth in *Buzza v. General Motors Corp., supra,* and need not be repeated in this opinion other than to summarize that they "serve as a probative assurance of the validity of the claim." 49 *N. J. Super.,* at 332. Indeed, as was observed in *Fuferi v. Pennsylvania R. R. Co.,* 117 *N. J. L.* 508, 516 (*E. & A.* 1937), the special statutory-notice provision relating to a hernia is in the nature of an exception to the rule of liberal construction of the Workmen's Compensation Act and is to be strictly construed. See also 1A *Larson's Workmen's Compensation Law,* §39.70, pp. 662.70–662.71 (1966).

The date of the new hernia was fixed by petitioner as October 14, 1965. This was confirmed by the medical evidence. It is therefore plain that the notice which was given to respondent on October 20 was fatally inadequate.

■ We find no merit to the contention that a separate award can be made for the strain. Although Dr. Visconti at one point in his testimony stated that "there was an antecedent strain," no evidence was adduced that the type of strain involved was different from that which directly produced the hernia. The proofs demonstrate a strain concomitant of hernia and, as such, should not be considered separately, but rather a hernial strain. See *McKeon v. Foundation Co.,* 134 *N. J. L.* 375, 377 (*Sup. Ct.* 1946), aff'd. o.b. 136 *N. J. L.* 196 (*E. & A.* 1947). If the result reached is a hardship, the remedy lies with the Legislature, not with the courts. 134 *N. J. L.,* at 378.

Having reached the foregoing conclusions, it is unnecessary for us to discuss further the propriety of the County Court's remand to the Division. The judgment of the County

Court in favor of petitioner is reversed and the order of the Division dismissing his claim petition is reinstated.

So ordered.